JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHN CAMPOPIANO

**(b)** County of Residence of First Listed Plaintiff    DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MARK THOMAS SOPHOCLES, ESQUIRE
21 INDUSTRIAL BLVD., SUITE 201
PAOLI, PA 19301

## DEFENDANTS
HANGER PROSTHETICS & ORTHOTICS

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
NANCY E. MANCHESKI, ESQUIRE
1800 JOHN F. KENNEDY BLVD., SUITE 1900
PHILADELPHIA, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.S § 1332
Brief description of cause:
MEDICAL PROSTHETIC DEVICE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 750,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 10-3-2014
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CAMPOPIANO<br>148 3rd Avenue<br>Broomall, PA 19008<br>            Plaintiff<br><br>v.<br><br>HANGER PROSTHETICS & ORTHOTICS<br>3015 Island Avenue<br>Philadelphia, PA 19153 and<br>605 Spring Garden Street<br>Philadelphia, PA 19123<br><br>and<br><br>HANGER CLINIC<br>1503 West Chester Pike<br>Havertown, PA 19083<br><br>and<br><br>HANGER, INC.<br>10910 Domain Drive, Suite 300<br>Austin TX 78758<br>            Defendants | CIVIL ACTION<br><br><br>No:<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S COMLAINT FOR MEDICAL MALPRACTICE AND PRODUCT LIABILITY

Plaintiff, John Campopiano (hereinafter "Plaintiff"), by and through his attorney of record, Mark Thomas Sophocles, Esquire hereby sets forth this Complaint against Defendants, and in support, avers as follows:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff was and is a resident of 148 3rd Avenue, Broomall, PA 19008. Delaware County, Commonwealth of Pennsylvania.

2. Defendant, Hanger Prosthetics & Orthotics is a premier provider of prosthetic and orthotic services and products with a business location of 3015 Island Avenue, City and County of Philadelphia, Pennsylvania 19153. At all times material hereto, Defendant Hanger Prosthetics & Orthotics was owned and operated by its parent corporation; co-Defendant, Hanger, Inc.

3. Defendant, Hanger Prosthetics & Orthotics, Inc. has a business location at 605 Spring Garden Street, City and County of Philadelphia, Pennsylvania 19123.

4. Defendant, Hanger Clinic is a provider specializing in the provision of orthotic and prosthetic solutions with a clinic location at 1503 West Chester Pike, Havertown, PA 19083.

5. Defendant, Hanger, Inc. is a Texas corporation and the parent corporation of Defendants Hanger Prosthetics & Orthotics and Hanger Clinic, with their principal office located at 10910 Domain Drive, Suite 300, Austin, TX 78758.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction under 28 U.S.C.S § 1332 because the Plaintiff and Defendants are citizens of different states, and because the amount in controversy exceeds $150,000.00. Venue is proper under 28 U.S.C.S. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

7. Plaintiff and Defendants have had a business relationship since Plaintiff's involvement in a motor vehicle accident in November 1987 that resulted in the traumatic amputation of his right leg above the knee.

8. There have been numerous replacements of the artificial limb, because of non-preventable wear and tear, the age of the device and the replacement prosthetics have always been in conjunction with Hanger.

9. In late September 2013, Plaintiff enlisted the services, once again, of Defendants to create a replacement artificial limb for his residual right leg limb, due to the unit not fitting properly and the suction not adhering. Following a separate evaluation with Defendants, Plaintiff underwent a scheduled appointment with Defendants at the Hanger office, wherein measurements were taken of the existing artificial limb.

10. In previous years, since plaintiff's accident, there were casts made of the residual limb for measurements. However, there were no casts or measurements of Plaintiff's residual limb taken by Defendants to check for any changes or disfigurements that may have formed.

11. After the measurements were taken, the limb was manufactured, fabricated and it was distributed and sold to Plaintiff by Defendants.

12. After receiving and utilizing the prosthetic for approximately 2 to 3 days, Plaintiff noticed inflammation, pain, soreness, redness, a purulent smell, and abrasions to his residual limb.

13. On or about the first week of October 2013 Plaintiff contacted Defendants and was told to come in to the office for an evaluation. At the evaluation, Plaintiff was exhibiting obvious signs of infection and injury to the residual limb, which were ignored by the Defendants.

14. Plaintiff was told by Defendants to use hand soap instead of the pull sock to slip the limb on, and was told it should stop further damage to his residual limb and in response, relying upon the directives of Defendants, Plaintiff followed these directions.

15. Plaintiff was NOT told by Defendants to discontinue the use of the limb, but instead, he was specifically told by Defendants to expressly continue using the prosthetic limb, by Defendants.

16. The residual limb continued to become inflamed, painful, and emitted an infectious aroma and caused Plaintiff extensive pain, suffering and limitations in its use.

17. On or about October 10, 2013 Plaintiff went to the emergency room due to the extreme soreness, pain, redness, aroma and overall unhealthy look of his residual limb, shortly after his appointment with Hanger. Plaintiff, while in the emergency room, was seen by a vascular surgeon on an emergent basis, due to the damage and infection to his residual limb.

18. On or about October 10, 2013 Plaintiff was admitted to the hospital due to a severe infection and extreme pain and suffering that required intravenous antibiotics to stop the spread of the infection, and surgical intervention to excise and drain an abscess above the right thigh.

19. Plaintiff underwent painful, emergent surgery the next morning, to excise and drain the infected portion of the residual limb. Plaintiff remained hospitalized for five (5) days while intravenous antibiotics and medication were administered while the wound was dressed twice a day for the length of Plaintiff's hospitalization causing excruciating pain and suffering to Plaintiff.

20. After discharge from the hospital, Plaintiff who presently still has major pain and suffering and recurrent restrictions and immobility was admitted into an extended care facility with this open wound.

21. Plaintiff remained a patient at the extended care facility for three weeks for monitoring, cleaning, and dressing the wound once a day, which consisted of placing gauze pads inside the wound (packing), and continuous administration of antibiotics.

22. On or about, October 16, 2013, after discharge from the extended care facility, Plaintiff was assigned a visiting nurse at his home, once a day for monitoring, cleaning, and dressing of the wound for an additional three weeks.

23. Plaintiff scheduled an appointment with Defendants, wherein they placed the artificial limb in question, back on the residual limb. Plaintiff subsequently returned to his vascular surgeon for a follow-up and was told to discontinue using the artificial limb completely since it was beginning to cause damage again to his residual limb. This was done so the damage areas could begin to heal properly.

24. The prosthetic was defective and said defect caused him to suffer a serious and severe infection of his residual limb, with attendant pain and the necessity of painful surgeries and painful rehabilitative care.

25. The artificial limb distributed and sold to Plaintiff was designed and fitted by Hanger, their agents, clinicians, servants, work-persons and/or employees.

26. The Plaintiff alleges that defendants failed to properly measure, design and fit the prosthetic in question.

27. At all times material hereto, Defendants by and through their agents, clinicians, servants, work-persons and/or employees designed and fitted the artificial limb to Plaintiff's residual limb.

28. At all times material hereto the Hanger defendants, by and through their agents, clinicians, servants, work-persons and/or employees failed to properly diagnose and treat plaintiff's infection.

29. Upon information and belief, the prosthetic that caused this injury is linked to the inability of Defendants, their agents, clinicians, servants, work-persons and/or employees to

properly evaluate, and fit the prosthetic to the exact measurements of Plaintiff and not to cause the injuries that prevailed.

30. As a direct and proximate result the aforementioned negligent and carelessness conduct of Defendants, their agents, clinicians, servants, work-persons and/or employees, Plaintiff was caused to sustain severe injuries including but not limited to; severe infection of the right leg residual limb requiring in-hospital treatment, intravenous administration of antibiotics, surgical procedures to open and drain the wound site, admittance into an extended care facility, intrusive intervention of medical personnel into his home, mental anguish, emotional pain, pain and suffering, disfigurement, medical expenses, loss of income, and other consequential damages.

## COUNT I
## NEGLIGENCE
## PLAINTIFF V. DEFENDANTS

31. At all relevant times hereto, Defendants, their agents, clinicians, servants, work-persons and/or employees owed a duty to Plaintiff to exercise professional, reasonable and accurate care while in the process of fitting Plaintiff for his artificial limb.

32. At all times material hereto the Defendants, by and through their agents, clinicians, servants, work-persons and/or employees failed to properly diagnose and treat plaintiff's infection.

33. That in September 2013, and thereafter, the Defendants by and through their agents, clinicians, servants, work-persons and/or employees breached the applicable standard of care owed to Plaintiff.

34. At all relevant times hereto, Defendants actions and inactions directly caused physical injuries that required hospitalization, surgical procedures, in-patient rehabilitative care, and intrusive medical professionals into his home.

35. At all times material hereto, defendants failed to properly measure, design and fit the prosthetic in question.

36. The injuries sustained by Plaintiff were proximately caused by the negligence and carelessness of the Defendants.

37. As a further result of the aforesaid, the Plaintiff has been obliged to receive and undergo extensive medical attention, extensive care, and has had to incur various expenses in an attempt to treat, cure and rehabilitate himself from said injuries.

38. As a result of all the foregoing, Plaintiff has suffered a loss of his earnings, and impairment of earning capacity or power for which a claim is hereby made.

39. As a further result of the aforesaid, the Plaintiff has suffered severe physical pain, mental anguish, humiliation, disfigurement and loss of enjoyment of life and life's pleasures, and Plaintiff may continue to suffer same, for an indefinite period of time in the future.

40. That as a direct result of the negligence and breaches of the applicable standard of care by Defendants, by and through their agents, clinicians, servants, work-persons and/or employees, resulting in the injury to the residual limb and subsequent medical care required to medically treat and repair the damage.

**WHEREFORE**, Plaintiff, John Campopiano seeks damages and remedies against Defendants as set forth below;

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff prays this Court enter judgment in his favor for compensatory

special damages against Defendants, individually and/or jointly in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) together with interest, costs, delay damages and such other just and equitable relief as this Honorable Court deems proper.

MARK THOMAS SOPHOCLES, LLC

MARK T. SOPHOCLES, ESQUIRE
Attorney for Plaintiff, John Campopiano
21 Industrial Blvd, Suite 201
Paoli, PA 19301
(610) 651-0105

## VERIFICATION

Plaintiff, John Campopiano, hereby deposes and states, that the undersigned, in the within action, is authorized to make this verification, that Plaintiffs Complaint is true and correct to the best of his knowledge, information and belief; and that this verification is given pursuant to the penalties of unsworn falsification to authorities.

_____
JOHN CAMPOPIANO

## **CERTIFICATE OF MERIT, PURSUANT TO F.R.C.P.**

I, Mark Thomas Sophocles, Esquire, state that an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by the Defendants in the treatment, practice, or work that is the subject of the Plaintiff's Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm that claims are raised under both subdivisions (a)(1) and (a)(2) of PA RCP 1042.3.

**Respectfully submitted,**

By: _____
MARK THOMAS SOPHOCLES, ESQUIRE

## CERTIFICATE OF SERVICE

I, MARK T. SOPHOCLES, ESQUIRE, do hereby certify that a true and correct copy of Plaintiffs Complaint is being sent via First Class Mail this 3rd day of October 2014 to Defendants counsel listed below:

Nancy E. Mancheski, Esquire
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
1800 John F. Kennedy Blvd
Suite 1900
Philadelphia, PA 19103

**MARK THOMAS SOPHOCLES, LLC**

By: _____

**MARK T. SOPHOCLES, ESQUIRE**